UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BELINDA LEBLANC, | § § § | |
| Plaintiff, | § § | Case No.: |
| v. | § § | |
| ODFJELL TERMINALS HOUSTON, INC., | § § | TRIAL BY JURY DEMANDED |
| Defendant. | § § | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE: [1]

Belinda Leblanc, (hereinafter "Plaintiff"), complains of Odfjell Terminals Houston, Inc., (hereinafter "Defendant") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of age and retaliation under the Age Discrimination in Employment Act ("ADEA").

---

[1] For the Court's information, Plaintiff's counsel who prepared this document, Edwin Villa, is visually impaired, and uses assistive technology when drafting documents. In particular, counsel relies on screen reader technology, which reads aloud as the document is being typed. As a result, certain typographical and formatting issues are difficult to recognize. Therefore, please forgive any such issues in this document.

1

3. This action seeks compensatory and liquidated damages, plus lost wages (past, present, and future), injunctive relief, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff, Belinda Leblanc, is a resident of Laporte, Texas.

5. Defendant, Odfjell Terminals Houston, Inc., is a corporation incorporated in Texas and is authorized to do business in the state of Texas and process may be served by mail or in person to its registered agent, C T Corporation System, located at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas—Galveston Division in that Defendant's office in which Plaintiff worked, and the area where she performed services for Defendant, is located in this district and division. Therefore, Defendant can be said to reside/or do business in this district and division as required under 28 U.S.C. § 1391.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the ADEA.

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter from said agency to pursue her claims.

10. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about July 29, 2019.

11. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit for discrimination based on age and retaliation, on April 13, 2020.

12. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

13. At the time of Plaintiff's termination, Plaintiff was 53 years old.

14. Plaintiff began working for Defendant in August of 2011 as a purchasing manager at 13100 Space Center Boulevard, Suite 600, Houston, Texas 77059.

15. Plaintiff demonstrated sustained performance excellence while employed by Defendant and was qualified for her position.

16. On or about December of 2018, Joe Nassif, plaintiff's immediate supervisor, left the company and was replaced by Shaun Kizewski ("Kizewski").

17. On or about January of 2019, Plaintiff began to be discriminated against by Plaintiff's immediate superior and Managing Director at the time, Kizewski, based on Plaintiff's age.

18. The discrimination that Plaintiff suffered from Kizewski came in different forms.

19. For example, although Plaintiff was a member of management, after Kizewski became Plaintiff's superior, Plaintiff was excluded from management meetings. However, prior to Kizewski's employment with

3

Defendant, Plaintiff always attended the management meetings and attendance at said meetings were part of Plaintiff's job duties and responsibilities.

20. Furthermore, all of the other managers, who were outside of Plaintiff's protected class, were invited to these meetings.

21. Kizewski also discriminated against Plaintiff by unfairly scrutinizing Plaintiff's work, i.e. having Plaintiff's work unjustifiably audited, while all other similarly situated employees, outside of Plaintiff's protected classs, were not audited.

22. Prior to Kizewski's employment with Defendant, Defendant never had any issues with Plaintiff's performance, and there was no legitimate non discriminatory reason for Plaintiff to be singled out and audited.

23. Moreover, Kizewski's discrimination continued when he began to attempt to incorporate the job duties of another position in the company into Plaintiff's position. This was an adverse employment action that directly affected Plaintiff's job duties and responsibilities.

24. Plaintiff repeatedly corresponded with Kizewski informing him that Plaintiff's position was not responsible for the duties that Kizewski was asking of Plaintiff. However, Kizewski continued to demand that Plaintiff perform said aditional duties.

25. As a result of these discriminatory actions, Plaintiff subsequently reported the age discrimination issues to Defendant's HR department.

26. Specifically, Plaintiff sent numerous emails to Cassandra Sweet of Defendant's HR department discussing Plaintiff's issues of being discriminated. These emails to Ms. Sweet began in late January of 2019 and continued throughout February of 2019.

27. On or about March 11, 2019, Plaintiff was terminated by Defendant because of her age and in retaliation for complaining about age discrimination.

28. Plaintiff never had any performance issues and was never warned or put on a Performance Improvement Plan.

29. Plaintiff was discriminated against and retaliated against by Defendant when Defendant wrongfully terminated Plaintiff and did so without following any of Defendant's own procedures and policies regarding the process of terminating an employee.

30. Plaintiff was terminated because of her age and in retaliation for complaining about the age discrimination she suffered while employed by Defendant.

31. During Kizewski's time at the company, Plaintiff was the only employee who was subjected to such unfair treatement and was the only employee Kizewski had terminated.

32. Plaintiff was terminated only a few days before the normal time that Plaintiff would be receiving Plaintiff's annual bonus for the prior year's performance, a bonus that she had received every year of her employment, but Plaintiff was denied this bonus.

33. Plaintiff was discriminated against by Kizewski because of Plaintiff's age, and when Plaintiff made the HR department aware of this discrimination, Plaintiff was terminated by Kizewski in retaliation.

## COUNT I
## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

34. Plaintiff re-alleges and incorporates into count one, paragraphs 1-33.

35. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

36. Defendant, by and through its agents, has maintained a policy of age discrimination, and unlawfully terminated Plaintiff in violation of the foregoing statute.

37. If Plaintiff was not over 40, she would not have been discriminated against and eventually wrongfully terminated.

## COUNT II
## RETALIATION UNDER ADEA

38. Plaintiff re-alleges and incorporates into count one, paragraphs 1-37.

39. Plaintiff engaged in a protected activity when she complained of what she reasonably believed to be unlawful discrimination.

40. Defendant was put on notice that Plaintiff was complaining of what she reasonably believed to be unlawful employment practices under the ADEA.

41. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADEA because of Defendant's retaliation for complaints of discrimination.

42. Defendant, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statute against Plaintiff.

43. If Plaintiff had not engaged in a protected activity, she would not have been terminated.

## DAMAGES

44. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future.

## LIQUIDATED DAMAGES

45. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious. The wrongs done by Defendant were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of liquidated damages. Plaintiff, therefore, seeks liquidated damages in a sum to be determined by the trier of facts.

## ATTORNEY'S FEES

46. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND

ASSOCIATES, PLLC, in order to initiate and prosecute this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

47. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

48. Plaintiff seeks injunctive relief requiring Defendant to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA and who violate Federal statutory protection against discrimination.

49. Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   a. allocation of significant funding and trained staff to implement all changes within two years;

   b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

   c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

   d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

   e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

 f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal; and

 g. reinstatement of Plaintiff.

## PRAYER

50. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

 a. Back Pay;

 b. Pre-Judgment Interest on Back Pay;

 c. Front Pay;

 d. Compensatory Damages;

 e. Liquidated Damages;

 f. Injunctive and Affirmative Relief;

 g. Attorney's Fees and Costs;

 h. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Dated: July 6, 2020         Respectfully submitted,

                       **COANE AND ASSOCIATES, PLLC**

                       */s/Bruce A. Coane*
                       Bruce A. Coane, Attorney-in-Charge
                       S.D. Tex. #7205
                       TX Bar #04423600
                       Email: bruce.coane@gmail.com
                       Edwin E. Villa
                       S.D. Tex. #3339324
                       TX Bar #24110485

Email: edwin.villa@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***